```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF PUERTO RICO
```

JULIO AGOSTO-RAMOS,
JOSE IGNACIO RIVERA-PEREZ

   **Plaintiffs**

        v.

PUERTO RICO TELEPHONE
COMPANY, *et al.*,

   **Defendants**

**CIVIL NOS.**
LEAD CASE: 08-1554 (JAG)
MEMBER CASE: 08-2282 (JAG)

**MEMORANDUM AND ORDER**

On October 15, 2010, this Court issued an Opinion and Order denying the motions for summary judgment presented by Puerto Rico Telephone Company ("PRTC") and National Life Insurance Company ("NALIC") (jointly, "Defendants"). (Docket No. 91). The Court found a triable issue of fact regarding whether Amendment 10, which modified its Long Term Disability ("LTD") plan in a substantial manner, was properly notified to Plaintiff Jose Ignacio Rivera-Perez, a retired PRTC employee. The Court stated that even if statutory damages were not available under ERISA for a failure to properly notify the amendment, summary judgment was still precluded because it could furnish Plaintiff with equitable remedies.

Defendant PRTC filed a timely Motion for Reconsideration. (Docket No. 92). After a careful analysis of PRTC's arguments, the Court hereby reconsiders its holding. iT find that Plaintiff is not entitled to statutory or equitable relief under ERISA because: (1) he was not vested with rights under the plan; (2) he has not shown that the lack of notification of Amendment 10 was made in bad faith or fraudulently; and (3) he did not demonstrate significant reliance or prejudice arising from said lack of notification. Simply put, Plaintiff failed to state a claim upon which relief can be granted. As such, the Court reconsiders its prior decision and **GRANTS** summary judgment in favor of Defendants, **DISMISSING** Plaintiff's claim in its entirety.

**STANDARD OF REVIEW**

Motions for reconsideration are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in the law. *See* Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994)(internal citations omitted). Motions for reconsideration may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." National Metal Finishing Com.

Civil No. 08-1554 (JAG)                                              3

v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990).

**ANALYSIS**

Employers are generally free under ERISA, for any reason at any time, to modify or terminate welfare benefit plans. Curtiss-Wright Corp. v. Schoonejongen, 514 U.S. 73, 78 (1995). However, the employer may contractually cede its freedom to effect changes in these plans via bilaterally negotiated contracts with the plan beneficiary. In so doing, the employer may vest participants with benefits that cannot be changed unilaterally. Balestracci v. NSTAR Elec. & Gas Corp., 449 F.3d 224, 230 (1st Cir. 2006).

In the complaint, Plaintiff alleged that he was vested with rights under the LTD plan, and that he was entitled to recovery under ERISA Art. 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). In the previous opinion, the Court held that Plaintiff had not met his burden of proof in demonstrating that he was vested with rights under the LTD policy. (Docket No. 91, p. 17). Ordinarily, this would be sufficient to grant summary judgment in favor of Defendants because Plaintiff's lack of vested rights meant that PRTC was at liberty to terminate the plan at any time. However, the Court declined to do so because it found that Amendment 10, which was proffered as the justification for the plan's

termination, was not properly notified to Plaintiff. As such, the issue at hand is whether ERISA provides a remedy to beneficiaries of non-vested welfare benefit plans for violations of ERISA's notice provisions by the plan administrator.

Statutory Relief for ERISA Notice Violations

ERISA requires plan administrators to provide participants with relevant plan information, which includes the Summary Plan Description. 29 U.S.C. §§ 1021, 1024. Plan participants may bring a cause of action against administrators for violations of this requirement. 29 U.S.C. § 1132(a)(1)(A). Further, subsection (c)(1)(B) provides a specific remedy for such plaintiffs. *See* 29 U.S.C. § 1132(c). The Circuit Courts in general have taken a dim view of "ERISA plaintiffs who attempt to assert procedural notice and disclosure violations outside the context of § 1132(c)." Watson v. Deaconess Waltham Hosp., 298 F.3d 102, 113 (1st Cir. 2002).

Here, Plaintiff does not bring his claim under § 1132(a)(1)**(A)**[1] (which has a specific remedy available under § 1132(c)); rather, he anchors his case under § 1132(a)(1)**(B)**. In cases dealing with this subsection, the First Circuit has held that "ERISA's notice requirements are not meant to create a

---

[1] This provision states that a civil action may be brought for the relief provided for in § 1132(c).

system of strict liability for formal notice failures, and [that] a plaintiff must show prejudice in order to claim relief." Watson, 298 F.3d at 113 (internal punctuation omitted); citing Terry v. Bayer Corp., 145 F.3d 28, 39 (1st Cir. 1998); Govoni v. Bricklayers, Masons & Plasterers, 732 F.2d 250, 252 (1st Cir. 1984). The general rule, then, is that technical violations of ERISA's notice provisions "do not give rise to substantive remedies outside § 1132(c) unless there are some exceptional circumstances, such as bad faith, active concealment, or fraud." Watson, 298 F.3d at 113; *see e.g.*, Panaras v. Liquid Carbonic Indus. Corp., 74 F.3d 786, 789 (7th Cir.1996) (no remedy under § 1132(a)(1)(B) for technical violations, absent exceptional circumstances such as bad faith, concealment, or induced reliance); Ackerman v. Warnaco, Inc., 55 F.3d 117, 124-25 (3d Cir. 1995).

In Watson, the Court noted that one "of the few cases to award substantive remedies for a technical disclosure violation involved a situation where the employer actively concealed its benefits policy from most employees for several years." Watson, 298 F.3d at 113 (referring to Blau v. Del Monte Corporation, 748 F.2d 1348 (9th Cir. 1984)). The defendant's ERISA violations in Blau were particularly egregious. For instance, the employer furnished no Summary Plan Description, did not provide a claims

procedure, and also attempted to impose a standard not contained in the terms of the plan. McKenzie v. General Telephone Co. of California, 41 F.3d 1310, 1315 (9th Cir. 1994). The situation here is vastly different than in Blau. Regarding the notification, Plaintiff simply testified that he was not aware of Amendment 10 until he received a letter informing him that his benefits had been terminated. However, Plaintiff's complaint is bare of any allegations that Defendants had a fraudulent purpose behind the omission of said notification. Plaintiff mentions in their opposition to Defendants' Motion for Summary Judgment that the lack of notification amounted to "active and purposeful concealment" of Amendment 10, and that such an action caused them "substantive harm" as defined by Blau. (Docket No. 60, p.10). Nevertheless, Plaintiff points to no facts supporting his position, and none can be found in the record. Accordingly, we **GRANT** summary judgment in favor of Defendants on this issue.

Equitable Relief for Violations of ERISA's Notice Provisions

Plaintiff also brings a cause of action under ERISA Art. 502(a)(3), 29 U.S.C. § 1132(a)(3), seeking equitable redress for Defendants' alleged breach of fiduciary duty in failing to properly notify him of Amendment 10. The Supreme Court has categorized this provision as a "safety net," in that it is applicable only where relief is unavailable under another

section of ERISA. Varity v. Howe, 516 U.S. 489, 512 (1996). As mentioned above, the Circuit Courts have been particularly reluctant to address procedural and notice violations outside of ERISA's § 1132(c). Watson, 298 F.3d at 113. As a consequence, Plaintiff's claim for equitable redress under § 1132(a)(3) suffers a similar fate as that of his claim for statutory relief under § 1132(a)(1)(B).

The First Circuit has stated that "a technical violation in and of itself cannot be considered a fiduciary breach ... [r]ather, some other circumstance must be present." Watson, 298 F.3d at 113. Though the Court did not explicitly state the standard for determining whether a fiduciary breach has occurred, it chose to apply the same "extraordinary circumstances" test described above to make this determination. *See* Watson, 298 F.3d at 113-114. We have already found that neither the Plaintiff's allegations nor the record in the case reflect that Defendants' failure to supply notice of Amendment 10 to Plaintiff was due to bad faith, active concealment or fraud. This precludes a finding of a fiduciary breach by Defendants.

Further, the First Circuit has stated that relief under § 1132(a)(3) "is only appropriate if the participant demonstrates significant or reasonable reliance on the Plan Summary." Mauser

v. Raytheon Co., 239 F.3d 51, 55 (1st Cir. 2001); Boucher v. Williams, 13 F.Supp.2d 84, 99 (D.Me. 1998)(Amendment to a welfare benefit plan is valid despite a beneficiary's lack of personal notice, unless the beneficiary can show some significant reliance upon, or possible prejudice flowing from the lack of notice); United Paperworkers Intern. Union v. International Paper Co., 777 F.Supp. 1010, 1020 (D.Me. 1991)(collecting cases). A mere expectation of continued benefits under the plan is not enough; rather, "action must have been taken in reliance on reasonable expectations formed after reading the Plan Summary." Mauser, 239 F.3d at 55.

The record does not hint at any evidence of significant reliance or any harm stemming from the lack of notification. In fact, Plaintiff admitted that he did not suffer any damages other than the absence of future LTD payments. (Exhibit 5 p.9, Docket No. 46). This, in addition to the fact that Plaintiff has not met his burden regarding whether Defendants were actively concealing the plan amendment, is simply not enough to sustain a claim for equitable redress under § 1132(a)(3). As such, the Court **GRANTS** summary judgment in favor of Defendants on this issue as well.

**CONCLUSION**

For the reasons set forth above, the Court hereby **GRANTS** the Motion for Reconsideration. (Docket No. 92). Judgment shall be entered accordingly dismissing all of Plaintiff's claims with prejudice.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 6th day of May, 2011.

<u>s/ Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge